UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE DACA, a/k/a/ JOSE ALBERTO
DE AZA-MARTE,

                                                            Petitioner,

      vs.

W. BARKLEY, Superintendent, Cape                              9:02-CV-738
Vincent Correctional Facility; BUREAU                          (C.J. Scullin)
OF IMMIGRATION AND CUSTOMS
ENFORCEMENT,[1]

                                                           Respondent.
_____

APPEARANCES                                          OF COUNSEL

JOSE DACA
Petitioner pro se

ELIOT SPITZER                                    JEANETTE RODRIGUEZ-MORICK
Attorney General of the                          Asst. Attorney General
State of New York
Attorney for Respondent Barkley

GLENN T. SUDDABY                       JAMES W. GRABLE
United States Attorney                           Chief Counsel DHS/ICE/Buffalo
Northern District of New York

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the

---

[1] Pursuant to the Homeland Security Act, (Pub. L. No. 107-296), the Immigration and Naturalization Service was abolished on March 1, 2003, and its functions were transferred to the newly created Department of Homeland Security (DHS). Respondent, Bureau of Immigration and Customs Enforcement (BICE) is a component of DHS.

Honorable Frederick J. Scullin, Jr., Chief United States District Judge pursuant to 28 U.S.C. § 636(b) and LOCAL RULES N.D.N.Y. 72.3(c).

Petitioner brings this action for writ of habeas corpus, requesting that he either be released into the community or immediately deported to his country of citizenship. Respondent Barkley filed his answer and memorandum of law. (Dkt. Nos. 11-13). The federal respondent, formerly the Immigration and Naturalization Service, now the Bureau of Immigration and Customs Enforcement (BICE) was never served in this action. However, I requested a response from BICE, and the response has been submitted. (Dkt. No. 14).

For the following reasons, this court will recommend dismissal of the petition as moot.

## DISCUSSION

**1.    Background**

The petition in this action stated that petitioner had been granted a Conditional Parole for Deportation Only (CPDO) from a New York State criminal conviction for which petitioner was serving a sentence of incarceration. Petitioner claimed that the federal respondent had not deported petitioner in a timely manner, and thus, requested either that petitioner be released into the community or deported to his country of citizenship.

In his answer to the petition, respondent Barkley argued that even though New

York State had physical custody of petitioner, only DHS had jurisdiction to afford petitioner the relief that he sought. Unfortunately the federal respondent was never served through no fault of petitioner. This court contacted counsel for the federal respondent and requested an update of the petitioner's status. On May 31, 2005, this court received a letter from James W. Grable, Chief Counsel for DHS/ICE in the Buffalo, New York Chief Counsel's Office. Attorney Grable's letter stated that petitioner was removed from the United States on June 9, 2004. Attached to Attorney Grable's letter is the executed Warrant of Removal, including the signature of the BICE official who witnessed petitioner's departure.

**2.      Mootness**

A case is moot, and the court has no jurisdiction when the "parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Federal courts are without power to decide questions that cannot affect the rights of the parties in the case before the court. *See Swaby v. Ashcroft*, 357 F.3d 156, 159-160 (2d Cir. 2004)(petitioner's injury must be traceable to respondent and likely to be redressed by a favorable judicial decision). The plaintiff or petitioner must have a "personal stake" in the litigation. *Fox v. Board of Trustees of the State University of New York*, 42 F.3d 135, 140 (2d Cir. 1994), *cert. denied*, 515 U.S. 1169 (1995).

In this case, petitioner only complained that BICE had not deported him quickly enough and was asking only for release or immediate deportation. The petitioner has

now received the removal for which he was asking, and the petition requests no other relief. The petitioner no longer has a stake in the litigation since he has been deported. Therefore, the petition may be dismissed as moot.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED,** that the petition **DENIED and DISMISSED AS MOOT.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 13, 2005

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge